JACOB M. HEATH (Cal. Bar No. 238959)
jheath@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
1000 Marsh Road
Menlo Park, CA 94025-1015
Telephone: +1 650 614 7400
Facsimile: +1 650 614 7401

ARAVIND SWAMINATHAN (*Pro Hac Vice*)
aswaminathan@orrick.com
JOHN WOLFE (*Pro Hac Vice*)
wolfe@orrick.com
ORRICK, HERRINGTON & SUTCLIFFE LLP
401 Union Street, Suite 3300
Seattle, WA 98101
Telephone: +1 206 839 4300
Facsimile: +1 206 839 4301

*Attorneys for Defendant Joseph Sullivan*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

UNITED STATES OF AMERICA

Plaintiff,

v.

JOSEPH SULLIVAN,

Defendant.

Case No.: 3:20-cr-00337-WHO

**DEFENDANT'S NOTICE OF MOTION AND MOTION FOR EARLY TERMINATION OF PROBATION**

Hearing Date: October 17, 2024
Hearing Time: 1:30 p.m.
Crtrm: 2, 17th Floor

Hon. William H. Orrick

## NOTICE OF MOTION

PLEASE TAKE NOTICE that Defendant Joseph Sullivan hereby files this Notice of Motion and Motion for Early Termination of Probation to be heard on October 17, 2024 at 1:30 p.m., or as soon thereafter as the Court is available, in Courtroom 2 on the 17th floor, 450 Golden Gate Avenue, San Francisco, CA 94102, before the Honorable William H. Orrick, pursuant to Criminal Local Rule 47-2. After conferring with Assistant United States Attorney Ross Mazer about noting this motion for October 10, defense counsel agreed to accommodate the government's schedule and note this matter for October 17. This motion is based on 18 U.S.C. § 3564(c), the following Memorandum of Points and Authorities, and such arguments as may be heard at the hearing.

## MEMORANDUM OF POINTS AND AUTHORITIES

### INTRODUCTION

Joseph Sullivan has successfully completed nearly 17 months of his 36-month term of probation. He now seeks to terminate his probation early. The U.S. Probation Office ("Probation") has indicated it does not oppose Mr. Sullivan's request. *See* Jacob M. Heath Declaration (herein "Heath Decl."), Ex. A (Defense Counsel Emails with Probation). Assistant United States Attorney Ross Mazer has indicated the government will provide a formal position after reviewing this motion. *See* Heath Decl., Ex. B (Defense Counsel Emails with the Government). As discussed more thoroughly below, the Court may exercise its broad discretion to grant early termination of probation where "the conduct of the defendant" and "the interest of justice" demand. *See* 18 U.S.C. § 3564(c). Accordingly, for the reasons detailed below, the Court should grant Mr. Sullivan's motion for early termination of probation.

### BACKGROUND

On October 5, 2022, a jury found Mr. Sullivan guilty of one count of 18 U.S.C. § 1505, Obstruction of Proceedings before the Federal Trade Commission, and one count of 18 U.S.C. § 4, Misprision of a Felony. On May 4, 2023, this Court sentenced Mr. Sullivan to three years of probation with special conditions imposed, including paying a $50,000 fine and $200 Special

Assessment Fee as well as completing 200 hours of community service. Mr. Sullivan's probation is scheduled to expire on May 4, 2026.

Important here, in his underlying case, Mr. Sullivan was on pretrial release from August 31, 2020 until his sentencing date in May 2023 when he was then placed on probation. Mr. Sullivan has never violated either the terms of his pre-trial release or probation over the last four years. Based on his conduct under supervision, Probation moved him to low-risk supervision in January 2024.

Since his sentencing, Mr. Sullivan has continued to be a loving and attentive father to his children and a devoted and supportive co-parent with wife Prathiba whom he married in July 2024. The pair are raising their two youngest children in Palo Alto, California. Mr. Sullivan also started Joe Sullivan Security LLC, a security consulting and advising company, in July 2023. He employs one person on a full-time basis (a Ukrainian refuge who came to the United States in 2022) and uses subcontractors as needed. Mr. Sullivan reports business is thriving.

In addition to his personal and professional endeavors, Mr. Sullivan is passionate about leveraging his niche cyber security knowledge and network of technology and security experts to help others. Mr. Sullivan has served as the volunteer Chief Executive Officer of Ukraine Friends, a 501(c)(3) organization dedicated to providing humanitarian aid to people of Ukraine, since January 2023. *See* Heath Decl., Ex. C at 1 (Ukraine Friends Letter to Probation). He has performed hundreds of hours of community service in service of Ukrainian children. *See* Heath Decl., Ex. D (Ukraine Friends Volunteer Hours). Consistent with the Court's prediction at sentencing, Mr. Sullivan has taken the opportunity to apply his service requirement "in a valuable way." Sentencing Hr'g Tr. 42 ¶ 7.

For example, he launched a new project at Ukraine Friends called "Digital Wings," which ships gently used laptops donated by U.S. companies directly to children in Ukraine who have lost a parent and are forced to attend school remotely. *See* Heath Decl., Ex. D at 9 (Ukraine Friends Volunteer Hours). Mr. Sullivan has taken every opportunity to support this initiative, even using the closing minutes of his keynote speeches at a number of major security conferences

to ask the participants to make laptop donations. His "ask" has led to a significant number of new corporate donors. *Id.* at 8-9. But Mr. Sullivan's work did not stop there; he later met with donors to explain the process, the costs, the need, how to ensure no data remained on the machines, et cetera. *Id.* at 9.

Beyond these contributions, Mr. Sullivan has on several occasions traveled to Ukraine at his own expense. During one trip, Mr. Sullivan honored a request "by Ukrainian government officials to establish and provide advanced technical cyber security incident response training, to procure specialized hardware that can help establish backup systems, and to find specialists in the United States who can help on niche areas of security where there is no local expertise." Heath Decl., Ex. C at 2 (Ukraine Friends Letter to Probation).

Mr. Sullivan has been a model probationer since his term of probation began in May 2023. He has never violated any condition of his probation, nor has he been subject to any supervision revocation proceedings. He has fulfilled all reporting requirements, always proactively communicating with both his Probation Officers regarding his work and any potential travel outside of his jurisdiction. He paid the $50,000 fine and $200 Special Assessment Fee less than two weeks after his sentencing. *See* ECF Nos. 266 and 267. And in addition to the 417 hours of documented community service acknowledged by Probation, *see* Heath Decl., Ex. D (Ukraine Friends Volunteer Hours); *see also* Heath Decl., Ex. A (Defense Counsel Emails with Probation), Mr. Sullivan has completed hundreds additional hours in service to the people of Ukraine.

## **DISCUSSION**

This Court has authority to grant early termination of Mr. Sullivan's probation "at any time after the expiration of one year . . . if it is satisfied that such action is warranted by the *conduct of the defendant* released and the *interest of justice*" after considering factors set forth in 18 U.S.C. § 3553(a). *See* 18 U.S.C. § 3564(c) (emphasis added). The "expansive phrases 'conduct of the defendant' and 'interest of justice' make clear that a district court enjoys discretion to consider a wide range of circumstances when determining whether to grant early termination." *United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (discussing early

termination under 18 U.S.C. § 3583(e)(1)).[1] In other words, district courts are empowered to consider a wide range of circumstances when deciding whether to terminate an individual's probation early. *Id.*

Equally important, a petitioner need not plead undue hardship to justify his or her need to be discharged from probation. The Ninth Circuit in *Emmett* explained, "[d]istrict courts are directed to exercise discretion in light of a broad range of factors, and therefore a blanket rule denying early termination whenever a defendant fails to prove undue hardship would "completely disregard[] the statute." *Id.*

Similarly, courts in this District have stated that extraordinary circumstances are not required to grant a request for early termination. *See, e.g.*, *United States v. Zhang*, No. 05-cr-00812-RMW-1, 2018 U.S. Dist. LEXIS 240698, at *3 (N.D. Cal. Jan. 26, 2018) (San Jose Division addressing Probation's argument concerning a lack of "extenuating circumstances".); *see also United States v. Nunez*, No. 14-cr-00300-JST-1, 2015 U.S. Dist. LEXIS 51779, at *2 (N.D. Cal. Apr. 17, 2015) (Oakland Division reasoning that extraordinary circumstances are not required to grant early termination.).

Mere compliance with the terms of one's supervision *alone* may be insufficient to warrant early termination of probation. *See, e.g.*, *Zhang*, 2018 U.S. Dist. LEXIS 240698, at *3. However, courts in this District have granted early termination where the defendant's behavior is *exceptional*. *See, e.g.*, *United States v. Whitman*, No. 12-cr-00894-EMC-1, 2017 U.S. Dist. LEXIS 129050, at *3 (N.D. Cal. Aug. 14, 2017) (San Francisco Division granting termination for defendant's "outstanding conduct while on probation."); *Nunez*, 2015 U.S. Dist. LEXIS 51779, at *2-4 (Oakland Division granting termination for defendant's "outstanding conduct while on release."); *see also United States v. Copeland*, No. CR 02-00316 WHA, 2014 WL 1620947, at *1 (N.D. Cal. Apr. 22, 2014) (San Francisco Division granting early termination for defendant who

---

[1] There is limited Ninth Circuit authority analyzing early probation termination under 18 U.S.C. § 3564(c). *See, e.g.*, *United States v. Salazar*, 693 F. App'x 565 (9th Cir. 2017). Courts in this District have historically turned to 18 U.S.C. § 3583(e) for early termination guidance, regardless of whether the request is to terminate probation or supervised release. *See, e.g.*, *United States v. Brown*, No. CR-08-00489-001-PHX-MTL, 2024 U.S. Dist. LEXIS 83641, at *2 (D. Ariz. May 8, 2024) (citing to §3583(e) when discussing the applicable § 3553(a) for determining whether to terminate a term of probation early); *see also United States v. Molina*, No. CR15-0383-JCC, 2021 U.S. Dist. LEXIS 45170, at *3-4 (W.D. Wash. Mar. 10, 2021) (citing both 18 U.S.C. § 3654(c) and § 3583 (e) when deciding whether the terminate defendant's supervised release early). As such, this motion also discusses § 3583(e) and relevant supervised release case law and policy.

"ha[d] done well on supervision."); *United States v. Alexander*, No. 18-CR-00520-SI-1, 2020 WL 5691499, at *1 (N.D. Cal. June 25, 2020) (San Francisco Division granting early termination for defendant, commending him "on the progress he ha[d] made in addressing his substance abuse issues and in securing and maintaining employment."); *United States v. Baker*, No. CR 02-00316 WHA, 2014 WL 1652486, at *1 (N.D. Cal. Apr. 23, 2014) (San Francisco Division granting early termination for defendant that "ha[d] done well on supervision" and was "in compliance with the terms and conditions of supervised release.").

That Mr. Sullivan's behavior while on probation has been exceptional cannot be legitimately disputed and this is reflected by the fact that Probation has no objection to Mr. Sullivan's request for early termination. Probation's position is based upon information documenting 417 hours of community service provided by Mr. Sullivan and reviewed by Probation Officer Nicole Brown, and the fact that the docket reflects that Mr. Sullivan has otherwise complied with all the terms and conditions of his probation. *See* Heath Decl., Ex. A (Defense Counsel Emails with Probation). Notwithstanding this, Assistant United States Attorney Ross Mazer has advised defense counsel that the government will not take a formal position regarding Mr. Sullivan's request until receiving Mr. Sullivan's Motion for Early Termination, despite having received the same information provided to Probation *and* despite being aware of Probation's position. *See* Heath Decl., Ex. B (Defense Counsel Emails with the Government); *see also* Heath Decl., Ex. A (Defense Counsel Emails with Probation). The government's position is notable given that Probation is specifically charged with providing input to the Court on issues such as early termination of probation in cases like Mr. Sullivan's. This is made clear by Probation's role in the U.S. federal court system, particularly its ability to unilaterally decide when early termination is appropriate when a supervisee has completed at least half of his or her term. *See* UNITED STATES PROBATION OFFICE, https://www.canp.uscourts.gov/faq/probation/27 (last visited Sept. 25, 2024) ("After you have completed at least one year of supervision, your attorney can petition the Court, or [a]fter you have completed one half of your term of supervision, you can request early termination through

your U.S. Probation Officer."); *see also* UNITED STATES COURTS, *Job Description for Probation Officer*, https://www.uscourts.gov/careers/current-job-openings/130533#:~:text=The%20Northern%20District%20of%20California,treatment%20to%20persons%20under%20supervision (last visited Sept. 25, 2024) (outlining the duties of Post-Conviction Supervision Officers who serve the Court as the expert in all post-conviction monitoring).

Section 3564(c) instructs district courts to consider the familiar § 3553(a) sentencing factors when deciding a motion for early termination of probation, particularly: (1) the nature and circumstances of the offense and the history and characteristics of the defendant; (2) deterrence; (3) protection of the public; (4) the need to provide the defendant with education, vocational training, medical care, or other rehabilitation; (5) the sentence and sentencing range established for the category of defendant; (6) any pertinent policy statement; (7) the need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct; and (8) the need to provide restitution to any victims of the offense. *See* 18 U.S.C. 3553(a)(1), (a)(2)(B), (a)(2)(C), (a)(2)(D), (a)(4), (a)(5), (a)(6), and (a)(7). Accordingly, in consideration of the foregoing authorities and Mr. Sullivan's conduct as detailed below in the context of each relevant § 3553(a) factor, the Court should terminate Mr. Sullivan's supervision.

**Section 3553(a)(1)** considers "the nature and circumstances of the offense and the history and characteristics of the defendant." On these facts, the nature and circumstances of the offense and Mr. Sullivan's history and characteristics support termination.

This Court sentenced Mr. Sullivan to the non-custodial sentence of probation due to Mr. Sullivan's character and the unusual and novel nature of the case. *See* Sentencing Hr'g Tr. 40 ¶¶ 18-20. The Court is well apprised of Mr. Sullivan's "very impressive" history and characteristics from the 186 letters and videos of support submitted on his behalf in advance of sentencing. *Id.* ¶¶ 1-2. Mr. Sullivan is a devoted and loving husband and father, a hardworking small business owner, and a passionate volunteer. He has a stable marriage and strong community ties.

Moreover, as the Court is aware, Mr. Sullivan has accepted responsibility as reflected in his remarks at sentencing and his letter to the Court. *See* Heath Decl., Ex. E at 2 (Mr. Sullivan Letter to the Court, April 27, 2023) ("[A]s is obvious now, I needed to expand my aperture and make sure we did right by the government, and expectations at the FTC in particular."); *see also* Sentencing Hr'g Tr. 35 ¶¶ 11-14 ("It's a noble profession, because [of] the people it attracts, we all go into these companies trying to do the right thing. We're there to be the champion of the customer, and I failed in this case. I should have fought for transparency."). Mr. Sullivan has kept the promises he made to this Court and has dedicated his life to making up for his actions and learning from his mistakes. *See* Heath Decl., Ex. E at 5 (Mr. Sullivan Letter to the Court, April 27, 2023); *see generally* Sentencing Hr'g Tr. 21, 35-36.

At his sentencing hearing, in response to a direct question from this Court, Mr. Sullivan said that he not only would do things differently if he was placed in a similar situation in the future, but that he would proactively engage with the security community to promote greater collaboration with their general counsel's office. *See* Sentencing Hr'g Tr. 36-38. And he has done that repeatedly in many public speaking appearances since the sentencing. *See, e.g.*, THE CISO STORIES PODCAST, *CISO & Legal: Parnerships Needed – Joe Sullivan – CSP #191*, https://www.scworld.com/podcast-segment/13014-ciso-legal-partnerships-needed-joe-sullivan-csp-191 (last visited Sept. 25, 2024). It is thus unsurprising that Mr. Sullivan has completed nearly 17 months of probation without issue.

Next, **Section 3553(a)(2)(B)** and **(a)(2)(C)** considers "adequate deterrence to criminal conduct" and "protect[ion] [of] the public from further crimes of the defendant," respectively. As the Court noted at sentencing, Mr. Sullivan does not present a risk of recidivism. *See* Sentencing Hr'g Tr. 40 ¶¶ 9-10. As such, the charge, conviction, and sentencing of Mr. Sullivan represents adequate deterrence. Probation's decision to move Mr. Sullivan to low-intensity supervision status in January 2024 further supports the conclusion that further supervision is not needed to promote deterrence.

Mr. Sullivan does not pose a danger to the public. He had no criminal record prior to the

conviction underlying this case and to date has successfully completed nearly 17 months of probation. Prior to his sentence, he was on restrictive pretrial release conditions for over 32 months (from August 31, 2020 through May 4, 2023). Mr. Sullivan has been under some form of supervision—without a single violation—for over four years and this is reflected by his low supervision status. The need to provide Mr. Sullivan with deterrence and protect the public has been satisfied by his successful completion of over four years on pretrial supervision and probation as well as his required community service hours and fine payment. Thus, Mr. Sullivan's history indicates that he does not pose a high risk of recidivism, and the §§ 3553(a)(2)(B) and (a)(2)(C) factors favor early termination.

The **Section 3553(a)(2)(D)** factor focuses upon whether probation provides "the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner." To be sure, Mr. Sullivan is a highly educated and successful small business owner who does not require the kind of support described in the statute. *See, e.g.*, *United States v. Ben Mahabir*, No. 14-cr-00559-JSW-1, 2016 U.S. Dist. LEXIS 203147, at *4 (N.D. Cal. Apr. 6, 2016) (Oakland Division terminating supervised release, *inter alia*, because there was "no indication that Mr. Mahabir require[d] any specifically vocational training, educational training or medical care."); *see also Nunez*, 2015 U.S. Dist. LEXIS 51779, at *4 (Oakland Division terminating supervised release, *inter alia*, because defendant was "not currently receiving any services from the Probation Office."). Thus, the § 3553(a)(2)(D) factor favors early termination.

The **Section 3553(a)(4)** factor is focused on the sentence and sentencing range established for the category of defendant. Mr. Sullivan fell into Criminal History Category I, has complied with all conditions of supervision, and has not engaged in any criminal conduct while on probation. *See, e.g.*, Sentencing Hr'g Tr. 10 ¶¶ 21-22. Thus, the § 3553(a)(4) factor favors early termination.

**Section 3553(a)(5)** takes into consideration "any pertinent policy statement." A salient theme across relevant policy is that courts are encouraged to exercise their authority to terminate

a term of probation where appropriate. *See, e.g.*, U.S. SENT'G COMM'N GUIDELINES MANUAL § 5D1.2 cmt. n.5 (U.S. SENT'G COMM'N 2023). At least one court in this District has granted a low-risk supervisee's request for early termination, *inter alia*, to reallocate the Probation Office's resources to focus on high-risk offenders. *See Zhang*, 2018 U.S. Dist. LEXIS 240698, at *13-15 (San Jose Division). The early termination of Mr. Sullivan's probation would undoubtedly satisfy the objectives of longstanding relevant policies.

The Office of the United States Courts' Guide to Judiciary Policy Governing Supervision of Federal Offenders, commonly known as Monograph 109, is also instructive here: "[Probation] Officers should consider the suitability of early termination for offenders as soon as they are statutorily eligible." Heath Decl., Ex. F at § 380.10(b) (Guide to Judiciary Policy Governing Supervision of Federal Offender, Vol. 8, Part E) (herein "Monograph 109"). The appropriateness of early termination during the first 18 months of supervision "should be based on the offender's overall progress in meeting supervision objectives and should include an evaluation of all the circumstances in the individual case." *Id.* at §380.10(d).

Monograph 109 and the Judicial Conference endorse essentially the same nine criteria to determine whether a statutorily eligible supervisee is an appropriate candidate for early termination:

(1) Stable community reintegration (e.g., residence, family, employment);
(2) Progressive strides toward supervision objectives and in compliance with all conditions of supervision;
(3) No aggravated role in the offense of conviction, particularly large drug or fraud cases;
(4) No history of violence (e.g., sexually assaultive, predatory behavior, or domestic violence);
(5) No recent arrests or convictions (including unresolved pending charges), or ongoing, uninterrupted patterns of criminal conduct;
(6) No recent evidence of alcohol or drug abuse;
(7) No recent psychiatric episodes;
(8) No identifiable risk of safety of any identifiable victim; and
(9) No identifiable risk to public safety reflected in the risk assessment.

Heath Decl., Ex. F at § 380.10(b) (Guide to Judiciary Policy Governing Supervision of Federal Offender, Vol. 8, Part E); *see also* Heath Decl., Ex. G at 3 (Judicial Conference Memorandum, February 16, 2012).

To be sure, pertinent policy favors early termination of Mr. Sullivan's probation. Mr. Sullivan meets the guidelines set forth by Monograph 109 and the Judicial Conference. As previously discussed, Mr. Sullivan is under low-risk supervision and has had no pretrial violations and has complied with the conditions of his probation. Mr. Sullivan's history shows he is unlikely to commit another criminal offense and redirecting Probation Officers to focus on high-risk offenders would benefit the public. Thus, policy supports early termination of Mr. Sullivan's probation.

Next, **18 U.S.C. § 3553(a)(6)** concerns the "need to avoid unwarranted sentence disparities among defendants with similar records who have been found guilty of similar conduct." As the Court noted during Mr. Sullivan's sentencing hearing, his case is the first-of-its-kind. *See*, *e.g.*, Sentencing Hr'g Tr. 40 ¶¶ 18-20. Defense counsel is unaware of any similar cases.

The final factor set forth in **Section 3553(a)(7)** addresses the "need to provide restitution to any victims of the offense." The Court did not order Mr. Sullivan to make any restitution payments. He did, however, pay the $50,000 fine and $200 Special Assessment Fee. Thus, the § 3553(a)(7) factor favors early termination based on Mr. Sullivan's conduct with satisfactorily paying all court-imposed payments.

## <u>CONCLUSION</u>

For the forgoing reasons, Mr. Sullivan is an excellent candidate for early termination of probation pursuant to 18 U.S.C. § 3564(c). Probation does not oppose this motion. Accordingly, in light of the relevant 18 U.S.C. § 3553(a) factors, his model performance while on probation, and the resources expended by continuing his probationary status, Mr. Sullivan respectfully requests that the Court grant his request for early termination of probation.

Respectfully submitted,

Dated: September 27, 2024

ARAVIND SWAMINATHAN
JACOB M. HEATH
JOHN WOLFE

Orrick, Herrington & Sutcliffe LLP

By: */s/ Jacob M. Heath*
JACOB M. HEATH
Attorneys for Defendant Joseph Sullivan