RAVI NARAYAN (CABN 331858)
Attorney for the United States

RAVI NARAYAN (CABN 331858)
Acting Chief, Criminal Division

DAVID J. WARD (CABN 239504)
Assistant United States Attorney

450 Golden Gate Avenue, Box 36055
San Francisco, California 94102-3495
Telephone: (415) 436-7200
Facsimile: (415) 436-7234
david.ward@usdoj.gov

Attorneys for United States of America

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JOSEPH SULLIVAN,<br><br>Defendant. | NO. 20-CR-00337 WHO<br><br>**MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF** |

I. INTRODUCTION

On September 27, 2024, defendant Sullivan filed a Notice of Motion and Motion for Early Termination of Probation. *Dkt. 283.* Defendant will not stipulate to any extension of time for the government to file a response or opposition, or to any extension in its proposed schedule for oral argument. Therefore, and for the reasons described below, the government respectfully asks the Court for a two-week extension of time to file its response or opposition, and asks the Court to order the parties to meet and confer and file a stipulated briefing schedule with the Court.

//

//

## II. BACKGROUND

On October 5, 2022, a jury found Defendant Sullivan guilty of one count of Obstruction of Proceedings Before a Department or Agency, in violation of 18 U.S.C. § 1505, and one count of Misprision of a Felony, in violation of 18 U.S.C. § 4, based on his concealment of a massive data breach from an FTC investigation while the Chief Security Officer of Uber. *Dkst.1, 224.*

On May 9, 2023, this Court sentenced Sullivan to three years of Probation and imposed a $50,000 fine. *Dkt. 262* (Judgment). Sullivan's Guidelines range was 24-30 months' imprisonment. *Dkt. 269* (Sentencing Transcript). This Court explained that community support, Sullivan's otherwise good character, and the fact that the case was "the first of its kind," warranted its noncustodial sentence, but that Sullivan's "failure to meet [his] obligations to the federal government and to protect the public" was "an extremely serious matter" that had "hurt the country" and "the public," and general deterrence was a foremost concern. *Id. at pp. 39-41.* Sullivan appealed his judgment. A 20-minute oral argument before the Ninth Circuit is set for Tuesday, October 8, 2024. *C.A. No. 23-927 at Dkst.64, 77.*

On September 21, 2024, Sullivan contacted individuals in the U.S. Attorney's Office to obtain the government's position on a motion for early termination. Because the attorneys who handled the district court proceedings had departed the office, and so had the Acting U.S. Attorney on the case, the matter was referred to the Assistant United States Attorney handling the appeal, who indicated that the government would not take a position until it had seen Sullivan's motion, and entered a notice of appearance in district court. *See Declaration of David Ward in Support of Government's Motion for Extension of Time to File Response Brief ("Ward Decl")* ¶ 1.

On September 27, 2024, Sullivan filed his 12-page Notice of Motion and Motion for Early Termination of Probation, along with 51 pages of attached exhibits. *Dkt. 283.* The notice was sent to the AUSA handling Sullivan's appeal, who was preparing for oral argument. *Id.* ¶ 2.

Sullivan's Motion for Early Termination was filed six business days before the Ninth Circuit oral argument. The Motion cites to no rationale for the timing of its filing, which comes before Sullivan has even completed half of his three-year term of probation.

On October 2, 2024, at 5:00 p.m., the undersigned Assistant United States Attorney, who has no prior connection to this case, was assigned to represent the government before the District Court on Sullivan's Motion for Early Termination of Probation. *See Ward Decl.,* ¶ 3

On October 3, 2024 at 9:55 a.m., undersigned counsel emailed defense counsel asking for a two-week extension for the government to file its response or opposition, noting that he had just been assigned this matter. *See Ward Decl.,* **Exhibit A** (10/03/2024 email correspondence with defense counsel John Wolfe, Aravind Swaminathan and Ciarra Carr). At 3:50 p.m. that day, one of Sullivan's defense counsel responded, refusing to stipulate to any extension of time. Defense counsel stated that they "*candidly feel the government has had enough time to evaluate its position on the motion,*" and stated that "*if the government elects to file an objection, so be it, we will respond*." *Id.* Defense counsel concluded by stating that "*we are not willing to agree to further delay*." *Id.*

III. <u>ARGUMENT</u>

A Court may terminate early a term of Probation. *See* 18 U.S.C. § 3564(c); Fed. R. Crim. P. 32.1(c). The Court must consider the sentencing factors set forth in 18 U.S.C. § 3553(a), and terminate a term of Probation or Supervised Release early only "'if it is satisfied that such action is warranted by the conduct of the defendant released and the interest of justice.'" *See United States v. Emmett*, 749 F.3d 817, 819 (9th Cir. 2014) (citing 18 U.S.C. § 3583(e)(1)). It is "defendant's burden to establish that he is entitled to the rarely-granted remedy of early termination of supervised release." *Id.* at 824 (citing *United States v. Weber*, 451 F.3d 552, 559 n.9 (9th Cir. 2006)).

Sullivan has served less than half of his three-year term of Probation. In support of his plea for what would be a more than 50% reduction in his sentence, Sullivan has filed a 12-page motion with 51 pages of accompanying exhibits and documents. *Dkt. 283.* The Court can and must weigh this petition carefully, and as part of that, it is entitled to the reasoned analysis of the government. Likewise, the government must be allowed a reasonable time to brief the Court and respond to defendant's arguments and reasoning. A short extension of the briefing schedule here accomplishes these goals.

Moreover, Sullivan's motion for early termination of his probationary sentence comes at a time when his direct appeal is pending before the Ninth Circuit; indeed, oral argument is next Tuesday. Regardless of whether the pending appeal deprives this Court of jurisdiction to grant early termination

of Sullivan's sentence, this Court may want to proceed cautiously as a prudential matter, and avoid the appearance of seeking to weigh in in a manger that could appear to go to the merits of the appeal. The government's request for additional time is made in part to allow the parties to address this issue with the Court.

An extension is further warranted because it imposes no undue burden on Sullivan. In his opposition to an extension of the briefing schedule on his motion for early termination, Sullivan cites to no hardship a delay would impose, because he cannot. *Dkt. 283.* Sullivan is out of custody and has few restrictions on his activities. He has freely started a new company, and has been allowed to travel extensively, including internationally. *Dkt 283.* He is on low-risk probation, requiring minimal commitment of his time. *Id.* According to Sullivan's motion, he and his spouse "are raising their two youngest children in Palo Alto, California." *Id.* There is no measurable harm to Sullivan to a short extension of the briefing schedule in this case.

For its part, the government has and will continue to accommodate reasonable requests for extensions or other delays by Sullivan in this case. *See e.g, Dkt 237* (Defendant's Unopposed Motion for Extension of Briefing Schedule). Sullivan's failure to likewise accommodate the government here is either unreasonable or strategic. Neither is good cause to oppose an extension of the briefing schedule on defendant's instant motion.

## IV. CONCLUSION

Defendant Sullivan, a senior cyber-security executive and former Assistant United States Attorney, was convicted of serious crimes. They were an abject betrayal of his ethics and legal responsibilities. The jury found that Sullivan "intentionally endeavored corruptly to influence, obstruct, or impede" an investigation by the Federal Trade Commission. *Dkt. 254*. A decision to effectively cut his sentence in half by terminating probation after only 17 months, long before his term ends on May 2026 is not a decision the Court should take lightly, or without the government's considered recommendation. Sullivan is not entitled to unreasonably rush the determination of his motion, particularly when there is no harm to him in this Court's granting a reasonable extension of time to answer his motion, and when he timed the filing of his motion *days* before oral argument in his Ninth Circuit appeal, in which claims that he was wrongfully convicted.

The government therefore respectfully asks this Court to order that it file a response or opposition to defendant's Motion for Early Termination no later than October 18, 2024. The government further asks the Court order the parties to meet and confer on a reasonable schedule for Sullivan to file a Reply if he so chooses, and to set a date for oral argument that works for the Court's schedule, as well as that of the parties.

Respectfully Submitted,

DATED: October 4, 2024

RAVI NARAYAN
Attorney for the United States

*/s/ David Ward*
DAVID J. WARD
Assistant United States Attorney

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br>Plaintiff,<br>v.<br>JOSEPH SULLIVAN,<br>Defendant. | NO. 20-CR-00337 WHO<br>**ORDER ON MOTION FOR EXTENSION OF TIME TO FILE RESPONSE BRIEF** |

**ORDER**

Based on the representations of the government, and for good cause shown, the Court hereby ORDERS the government to file a response or opposition to defendant's Motion for Early Termination of Probation no later than October 18, 2024. The Court further Orders the parties to meet and confer and to then file a stipulated briefing schedule with the Court.

**IT IS SO ORDERED.**

Dated:

HON. WILLIAM H. ORRICK
United States Senior District Judge